NATIONAL PRODUCTS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12120.    Promulgated April 11, 1928.

*Ewing Laporte, Esq.,* for the petitioner.
*Alva C. Baird, Esq.,* for the respondent.

## OPINION.

Morris: While the taxes for three years are in controversy, we are concerned primarily with the taxes for the year 1918, as affected by our prior ruling that the proposed deficiency for 1917 was barred by the statute and that section 1106 of the Revenue Act of 1926 extinguished the liability.

The petitioner contends in this proceeding that since the deficiency for 1917 was found to be outlawed the invested capital for 1918 should not be reduced by any portion of that amount.

The respondent in his brief contends that the petitioner has failed to overcome the presumption of correctness with respect to his determination in that (1) there is nothing in the record to establish that the Board has ever made any prior determination of facts essential to a decision in the instant case, and (2) even though the Board takes judicial notice of the findings of fact and decision of a prior case it does not, under the circumstances in this appeal, have any effect on the decision to be made thereon.

Without dwelling to any great extent upon the contention urged by the respondent, there is in the record a clear and undisputed showing that the petitioner's 1918 invested capital has been decreased by the amount of the alleged income and profits-tax liability for 1917. With that knowledge and with the further knowledge that the deficiency for 1917 has been heretofore adjudicated by this Board and found to be outlawed by the statute of limitations, we would place ourselves in an anomalous situation if we failed to make use thereof in determining the rights of the parties in the instant proceeding. In referring to the former proceeding it is not as though we were about to make use of facts found in the record for use in this proceeding, which we have held in the *Appeal of Goodell-Pratt Co.*, 6 B. T. A. 1235, are only *prima facie* evidence when offered in a subsequent proceeding. We are simply relying on our decision in the former proceeding, and in doing so we regard it as our duty where the substantive rights of the parties must be properly determined.

We are of the opinion that the admitted facts in the pleadings are sufficient and that the allegation of error set forth by the petitioner

is sufficiently broad to place directly in controversy the question urged by the petitioner.

The question is therefore presented whether the petitioner's invested capital for 1918 should be reduced by the amount of the deficiency for 1917 found by this Board to have been outlawed. The respondent relies strongly upon the language used in a memorandum, dated September 27, 1927, on settlement under Rule 50, in the *Appeal of J. S. Hoskins Lumber Co.* In that proceeding the petitioner raised the same contention at the hearing on final determination as is now before us, but we could not determine, due to the lack of evidence, whether or not the 1917 tax was barred by the statute of limitations. On that ground the conclusion in that memorandum that the reduction of invested capital by the amount of the 1917 tax was proper, is correct, and the language subsequently used must be read in connection with the facts of record therein.

The identical question presented for consideration in the instant case was considered and disposed of in the *Appeal of Lancaster Lens Co.*, 10 B. T. A. 1153. In that case the petitioner contended that the deficiency for 1918 was outlawed and that the respondent erred in reducing invested capital for 1919 by the amount of the outlawed deficiency for 1918 prorated in accordance with the regulations. The Board there held that the deficiency for 1918 was barred by the running of the statute, and having so held, it ordered that the deficiency for 1919 be redetermined by restoring to invested capital for 1919 the amount by which invested capital was reduced by reason of the outlawed deficiency for 1918.

In view of the *Appeal of Lancaster Lens Co.*, *supra*, we are of the opinion that the deficiency for 1918 should be redetermined by restoring to invested capital the amount by which said invested capital was reduced by reason of the outlawed deficiency for 1917.

Since the petitioner has offered no testimony as to the incorrectness of the respondent's adjustments of invested capital for 1919 and 1920 by the amount of the deficiencies found for the years immediately preceding, and since it does not appear that those adjustments are contrary to the regulations in force during those years, section 1207 of the Revenue Act of 1926 is controlling, and we, therefore, approve the respondent's determination as to those years, except in so far as the invested capital may be affected by our decision herein that the invested capital for 1918 should not be reduced by the outlawed deficiency for 1917.

*Judgment will be entered on 15 days' notice, under Rule 50.*